## MCKEE v. SUESZ.

[No. 13,475. Filed September 12, 1929. Rehearing denied December 4, 1929.]

*George W. Wells* and *Anderson & Mayfield,* for appellant.

*William E. Reiley,* for appellee.

NICHOLS, J.—Action by appellant against appellee. The complaint alleges that, on April 12, 1927, appellee parked one of his large transfer and moving trucks in North Seventh street, a public street in the city of Terre Haute, at a point about one block north of the Union Hospital in the thickly built-up residence district of said city; that said street was a through street, paved and much used for travel; that appellee negligently parked said truck with the rear end against the west curb of said street, angling out into the street toward the southeast to near the center of said street; that appellee negligently failed to have any red tail light, headlights, or any other lights of any kind on said truck, which was parked after night, at about 8:30 p. m.; that it was raining and the

pavement was wet and slick; that appellant, with his wife, was driving his automobile going south on said Seventh street, and by reason of there being no lights or warning of any kind on said truck, appellant ran into and struck said truck, injuring himself and his wife, and damaged his car, for which he demands damages against appellee.

A trial by jury resulted in a verdict in favor of appellee. Appellant filed his motion for a new trial which was overruled by the court and judgment was rendered against appellant that he take nothing, from which this appeal. The error assigned is the court's action in overruling appellant's motion for a new trial, under which appellant presents alleged error of the court in instructing the jury.

The court refused all instructions tendered both by appellant and appellee, and gave 24 instructions on its own motion. We have carefully examined the instructions given, and we hold that there was no error therein. Nor was there any error in refusing instructions tendered by appellant.

It appears by uncontradicted evidence that it was a misty, dark and rainy night, and the streets were slippery. Appellant was meeting an automobile with bright lights, which he passed about 50 feet before the collision. Appellant had dimmed the lights on his car, and he traveled about 50 feet after passing the bright lights with lights dimmed, before the collision. As a result of the collision, appellant's car "was practically a total wreck. The top was broken when it turned over, windshield and radiator broken, fenders bent, running board broken, radius rods torn off, crank case and front spring broken, axle bent, top and casing blown out. . . . The car was worth $100 to $125 before the collision, and after the collision not more than $3 or $4." After the accident, the Ford, appellant's car, was lying on its side, 80

feet south of the truck, which, at the time of the collision was standing still. One witness testified the Ford was 60 feet to the south. It is clear that the force that demolished appellant's car, and that carried it so far beyond appellee's truck, was the result of the speed at which appellant was driving. The jury may well have concluded that appellant was driving at such speed as to be guilty of contributory negligence.

Judgment affirmed.